UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

  *Plaintiff*,

  v.              **Civ. No. _____**

$2,000.00 IN UNITED STATES CURRENCY,

  AND

8 FIREARMS AND AMMUNITION,

  *Defendants-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of the Controlled Substances Act and 18 U.S.C. §§ 922(g) and (n) that is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 924(d)(1).

### DEFENDANTS-*IN-REM*

2. The defendants-*in-rem* consist of the following:

  i. Two thousand dollars ($2,000.00) in United States Currency (hereafter referred to as "Defendant Currency"),

  ii. Eight firearms and ammunition as follows:
    1) Marlin Model 60 Rifle, SN:96403933,
    2) FNH Model FNS-9 Pistol With Magazine, SN:511MX53196,
    3) Marlin Model 60 Rifle, SN:11210732,

    4) Winchester Model 94 Rifle, SN:4654402,
    5) FN Model Herstal Pistol, SN:386342160,
    6) Winchester Model 1200 Shotgun, SN:L1110263,
    7) Harrington and Richardson Model Pardner Shotgun, SN:A98249,
    8) Remington Model 742 Rifle, SN:A70391,
    9) One .30-06 Caliber Magazine,
    10) One 9mm Magazine,
    11) One 9mm Magazine,
    12) One 5.7x28mm Magazine,
    13) Two 5.7x28mm Magazines,
    14) 192 Rounds of 9mm Ammunition,
    15) 47 12-Gauge Shotgun Shells,
    16) 39 .410-Gauge Shotgun Shells,
    17) 1,253 Rounds of .22 Caliber Ammunition,
    18) 95 Rounds of 5.7x28mm Ammunition,
    19) 4 Rounds of .30-06 Caliber Ammunition, and
    20) 21 Rounds of .30-30 Caliber Ammunition
    (hereafter referred to as "Defendant Firearms and Ammunition").

Defendant Currency and Defendant Firearms and Ammunition collectively shall be referred to as "Defendant Property" hereafter.

  3. Defendant Property was seized by the Federal Bureau of Investigation on July 1, 2020, in the District of New Mexico.

  4. Defendant Property is now, and during the pendency of this action will be, in the jurisdiction of this Court.

## JURISDICTION AND VENUE

  5. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

  6. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture took place in this district and the property is found in this district. Upon the filing of this complaint, the Defendant Currency will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

**F**ACTS

7. In 2012, the Federal Bureau of Investigation ("FBI") began investigating Guadalupe Alberto Prieto Sr. and Juarez Cartel operations. The Juarez Cartel smuggled bulk marijuana from Mexico into the United States within the District of New Mexico. In 2015, Guadalupe Alberto Prieto Sr. was charged in a Third Superseding Indictment with Conspiracy to Import More Than 100 Kilograms of Marijuana, Possession With Intent to Distribute More Than 100 Kilograms of Marijuana, and two counts of Aiding and Abetting.

8. In 2017, the Drug Enforcement Administration ("DEA") began investigating Guadalupe Prieto, Jr. and targeting large-scale methamphetamine and cocaine trafficking in Albuquerque, New Mexico. In June 2020, Guadalupe Prieto, Jr. was charged in a superseding indictment with Conspiracy to Distribute 500 Grams of Cocaine.

9. Both Guadalupe Alberto Prieto Sr. and Guadalupe Prieto Jr. have prior felony convictions for violations of federal and/or state laws in the United States.

10. Guadalupe Prieto Sr. is a previously-deported citizen and national of Mexico with no lawful authority to enter or remain in the United States.

11. In June 2020, the FBI received information that Guadalupe Alberto Prieto Sr. and Guadalupe Prieto, Jr. were staying on a remote ranch with no physical address.

12. On July 1, 2020, the FBI Violent Crimes Task Force, Safe Streets Gang Task Force, and DEA executed a federal search warrant at the residence of Guadalupe Prieto Sr. and Guadalupe Prieto Jr. located on Pajarito Mesa in Bernalillo County, New Mexico. Guadalupe Alberto Prieto Sr. and Guadalupe Prieto Jr. were not found. The following were seized:

> Item 1, Marlin .22 cal. rifle SN:96403933,
> Item 2, FNH 9mm pistol SN:511MX53196,
> Item 3, Empty magazine for the FNH pistol,
> Item 7, Loose ammunition, cal. 9mm,
> Item 8, 12 gauge shotgun shells,

Item 9, small baggie of 31.6 grams of marijuana,
Item 10, various caliber loose ammunition,
Item 11, various caliber loose ammunition,
Item 12, empty 9mm magazine,
Item 14, scale box containing small plastic baggies,
Item 16, Marlin .22 cal. rifle SN:11210732,
Item 17, Winchester model 94, .30-30 cal. SN:4654402,
Item 18, various cal. loose ammunition,
Item 19, two .45 cal. pistol magazines, one empty one loaded,
Item 20, various cal. loose ammunition,
Item 21, ballistic body armor
Item 22, Samsung cell phone,
Item 23, Notebook,
Item 24, IPhone 7 IMEI no.3534208712270,
Item 25, Samsung cell phone model No. SM-B311V SN:A0000048152253,
Item 26, Samsung cell phone model No. SM-B311V SN:A0000048D2D7D7,
Item 27, Samsung cell phone model No. SM-B311V SN:A0000048FE501D,
Item 28, various cal. loose ammunition,
Item 29, $2,000.00 in U.S. currency,
Item 30, IPhone SE IMEI No. 355799078023866,
Items 32, Box of .22 cal. ammunition,
Item 33, Loose round 5.7x28 cal.
Item 34, Samsung Galaxy cell phone S6,
Item 35, FNH pistol, 5.7x28 cal., SN:386342160,
Item 36, Magazine loaded with 5.7x28 cal. ammunition,
Item 37, Two magazine 5.7x28 cal.,
Item 38, Iphone pink case model No. A1660, SN:BCGB3085A,
Item 39, Two hand held radios,
Item 1/B2, Ballistic body armor,
Item 2/B2, 5 baggies of 78.8 grams of cocaine,
Item 4/B2, Various magazines for pistols and assault rifles,
Item 5/B2, Green bag of various cal. ammunition,
Item 6/B2, Magazine loaded, .40 cal. ammunition,
Item 7/Car, Three large zip lock bags of 217 grams of marijuana,
Item 8/Basement, Winchester model 1200, 12 gauge shotgun SN:L1110263,
Item 9/Basement, Remington model 742, 30-06 cal. rifle SN:A7003917,
Item 9A/Basement Magazine loaded with 30-06 cal. ammunition,
Item 9B/Basement, Weaver scope on 30-06 rifle SN:K4-1 USA,
Item 9C/Basement, sling attached to 30-06 rifle,
Item 10/Basement, various cal. loose ammunition,
Item 11/Basement, Harrington & Richardson 410 cal. shotgun SN:A98249,
Item 9, Small baggie of 31.6 grams of marijuana,
Item 14, Scale box containing small plastic baggies,
Item 2/B2, 5 baggies of 78.8 grams of cocaine, and
Item 7/Car, Three large zip lock bags of 217 grams of marijuana.

13. The occupants of the residence include Rosa Maria Prieto, Leslie Prieto, and a sixteen-year-old juvenile female. Rosa stated she had not seen her husband, Guadalupe Prieto Sr., in several years, but could not offer agents a logical explanation for the recently issued documents in Guadalupe Prieto Sr.'s name that were located inside the residence. Rosa stated she had not seen her son, Guadalupe Prieto Jr., but said that he sometimes came by the residence. Agents located Guadalupe Prieto Jr.'s wallet and driver's license inside the residence.

14. On July 13, 2020, Rosa Prieto contacted the FBI and said she wanted to file a claim for the currency.

## FIRST CLAIM FOR RELIEF

15. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

16. Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

17. Defendant Currency was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act and is thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

18. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

19. 18 U.S.C. § 924(d)(1) subjects to forfeiture any firearm or ammunition involved in or used in any knowing violation of section 922(g).

20. Defendant Firearms and Ammunition are subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 924(d)(1) because the property was involved in or used in knowing violation of 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm).

### THIRD CLAIM FOR RELIEF

21. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

22. 18 U.S.C. § 924(d)(1) subjects to forfeiture any firearm or ammunition involved in or used in any knowing violation of section 922(g).

23. Defendant Firearms and Ammunition are subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 924(d)(1) because the property was involved in or used in knowing violation of 18 U.S.C. § 922(g)(2) (Fugitive in Possession of a Firearm).

### FOURTH CLAIM FOR RELIEF

24. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

25. 18 U.S.C. § 924(d)(1) subjects to forfeiture any firearm or ammunition involved in or used in any knowing violation of section 922(g).

26. Defendant Firearms and Ammunition are subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 924(d)(1) because the property was involved in or used in knowing violation of 18 U.S.C. § 922(g)(5) (Alien in Possession of a Firearm).

## FIFTH CLAIM FOR RELIEF

27. The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

28. 18 U.S.C. § 924(d)(1) subjects to forfeiture any firearm or ammunition involved in or used in any knowing violation of section 922(n).

29. Defendant Firearms and Ammunition are subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 924(d)(1) because the property was involved in or used in knowing violation of 18 U.S.C. § 922(n) (Person Under Felony Indictment in Possession of a Firearm).

WHEREFORE: Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Property, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

KRISTOPHER DALE JARVIS
STEPHEN R. KOTZ
Assistant U.S. Attorneys
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Federal Bureau of Investigation who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 12-10-2020

Bryan M. Acee, Special Agent
Federal Bureau of Investigation

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
$2,000 IN US CURRENCY, ET.AL.

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury – Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6)

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes   No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/11/2020   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____